

ORDERED in the Southern District of Florida on July 13, 2015.

Paul G. Hyman, Jr.
**Chief United States Bankruptcy Judge**

_____

### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In Re:                                                                    Case No: 15-12787-PGH
                                                                          Chapter 13
IBANEZ, MONICA MARIA
SSN:  XXX-XX-2784

_____Debtor_____/

### ORDER GRANTING MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN ON PERSONAL PROPERTY HELD BY PARTNERS FEDERAL CREDIT UNION

THIS CASE came to be heard on July 9, 2015 on the *Debtor's Motion to Value and Determine Secured Status of Lien on Personal Property* (DE 24; the "Motion"). Based upon the debtor's assertions made in support of the Motion, without objection, having considered the record in this case, and being duly advised in the premises, the Court FINDS as follows:

A. The value of the debtor's personal property (the "Personal Property") more particularly described as follows:

X  Motor vehicle described as follows:

    Year and Model of motor vehicle: 2012 Ford Focus SEL 4D Hatchback
    Vehicle Identification Number (VIN #): 1FAHP3M2XCL420336
    Odometer reading: 50,002 MILES.

LF-103 (06/14/10)

Consequently, it is **ORDERED** as follows:

1. The Motion is **GRANTED**.

2. Lender has an allowed secured claim in the amount of $ 10,675.00.

3.
   X  Lender has not filed a proof of claim in this case. The trustee shall not disburse any payments to Lender unless a proof of claim is timely filed. In the event a proof of claim is timely filed, it shall be classified as a secured claim in the amount stated in paragraph 2, above, and as a general unsecured claim for any amount in excess of scheduled secured claim, regardless of the original classification in the proof of claim as filed. Lender's secured claim shall be paid through the plan at 5.25 % for a total of $ 12,160.80 .

4. The Personal Property may not be sold or refinanced without proper notice and further order of the Court.

5. Notwithstanding the foregoing, this Order is not recordable or enforceable until the debtor receives a discharge in this chapter 13 case.

6. Upon notification that the debtor has received a discharge, the creditor shall take all steps necessary to release the lien upon the personal property.

###

Prepared/Submitted by:
Brian J. Cohen, Esq.
Florida Bar No.: 142298
The Cohen Law Firm, P.A.
1700 University Drive, Ste. 210
Coral Springs, FL 33071
Phone (954)346-1400
Fax (954)346-0400
*Brian J. Cohen is directed to serve copies of this order on the parties listed and file a certificate of service.